**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CHARNITA PROCTOR,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **LIBERTY MUTUAL AUTO AND HOME** | ) |
| **SERVICES, LLC;** | ) |
| | ) |
| **LIBERTY MUTUAL GROUP;** | )   Civil Action No. _____ |
| | ) |
| **CAPITAL ONE AUTO FINANCE, INC.;** | ) |
| | ) |
| and | ) |
| | ) |
| **CAPITAL ONE, NATIONAL ASSOCIATION,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1442, and 1446, Defendants, Capital One Auto Finance, Inc. and Capital One, N.A. (collectively "Capital One") hereby remove this action from the Superior Court for the District of Columbia to the United State District Court for the District of Columbia, and states as follows for its Notice of Removal. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, Capital One removes this action and in support of its Notice of Removal states the following:

## INTRODUCTION

1. On or about August 31, 2017, Plaintiff Charnita Proctor ("Proctor"), initiated this civil action by filing a complaint (the "Complaint") in the Superior Court of the District of

Columbia, styled *Charnita Proctor v. Liberty Mutual Auto and Home Services, LLC et al.*, Case No. 2017 CA 006047 B, in which Capital One are defendants.  A copy of the Complaint, Summons, and Initial Order and Addendum, are attached hereto as **Exhibit A**.  As of the date of this filing, there were no other documents within the Superior Court's case file.

2. This Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

3. Upon information and belief, Capital One was served with the Complaint on September 5, 2017.

4. Upon information, Defendants Liberty Mutual Auto and Home Services, LLC and Liberty Mutual Group (collectively, "Liberty Mutual") were served on September 5, 2017.

5. Liberty Mutual consents to the filing of this Notice of Removal.  A copy of the Joinder and Consent to Removal executed by counsel for Liberty Mutual is attached hereto as **Exhibit B**.

6. Because this action is being removed within 30 days of the filing of the Complaint on August 29, 2017, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

7. In the Complaint, Plaintiff purports to state the following causes of action:

   a. Count One – Negligence (Compl. ¶¶ 29-35);

   b. Count Two – Breach of Contract (Compl. ¶¶ 36-40);

   c. Count Three – Violations of Md. Code Ann., Com Law §14-202 (Compl. ¶¶ 41-43);

   d. Count Four – Violations of Md. Code Ann., Com Law §13-301 (Compl. ¶¶ 44-47);

   e. Count Five – Violations of the Fair Credit Reporting Act (15 U.S.C. §1681s-2(b) (Compl. ¶¶ 48-62); and

   f. Count Six – Defamation (Compl. ¶¶ 63-71).

8. Capital One denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief can be granted, and denies that Plaintiff has been damaged in any manner whatsoever. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have originally filed the Complaint in this Court under diversity jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000.00. Further, Plaintiff could have originally filed the Complaint in this Court under federal question jurisdiction because she asserts a claim pursuant to the federal Fair Credit Reporting Act (the "FCRA"). Removal of this case is therefore proper under 28 U.S.C. §§ 1331, 1332 and 1441.

## Grounds for Removal

### I. Diversity Jurisdiction

9. This Court has original diversity jurisdiction over Plaintiff's lawsuit pursuant to 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441. All requirements for such jurisdiction are met.

10. The citizenship of the parties is completely diverse.

11. Upon information and belief, Plaintiff is a citizen of the District of Columbia. (*See* Compl. ¶ 2).

12. Capital One is a national banking association with its main office located in the Commonwealth of Virginia, as designated in its articles of association. For the purposes of 28 U.S.C. § 1332(a)(1), Capital One is deemed to be a citizen of the Commonwealth of Virginia pursuant to 28 U.S.C. § 1348. *See* Office of Comptroller of Currency, *National Banks Active as of 7/31/2017*, *available at* https://www.occ.treas.gov/topics/licensing/national-banks-fed-savings-assoc-lists/index-active-bank-lists.html.

13. Liberty Mutual Group is incorporated in and has its principal place of business in the Commonwealth of Massachusetts. Therefore, Liberty Mutual Group is a citizen of Massachusetts. Liberty Mutual Auto and Home Services, LLC is a foreign limited liability corporation organized under the laws of Massachusetts with its principle place of business in Boston, Massachusetts. Liberty Mutual Auto and Home Services, LLC is a citizen of Massachusetts.

14. The amount in controversy requirement well exceeds $75,000, exclusive of interest and costs. Plaintiff's FCRA cause of action alone seeks damages in the amount of $100,000 in actual damages, $500,000 in punitive damages, and $1,000 in statutory damages. *See Davis v. World Sav. Bank, FSB*, 806 F. Supp. 2d 159, 164 (D.D.C. 2011) (Collyer, J.) ("Federal courts have diversity jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)").

**II.    Federal Question**

15. This case may also be removed pursuant to the Court's federal question jurisdiction. Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

16. Plaintiff's Complaint alleges a violation of 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act. (Compl. ¶¶ 48-62).

17. This Court has original jurisdiction over the present lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff alleges the defendants violated the laws of the United States.

18. To the extent that Plaintiff also asserts claims purporting to arise under the common law of the District of Columbia or Maryland, or the laws of Maryland, these claims are so related to Plaintiff's federal claims, which are within the original jurisdiction of this Court,

4

that they form part of the same case or controversy. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

19. Capital One denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, they could have originally filed his Complaint in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant, disputed issues under federal law.

## VENUE

20. Venue is proper in this Court because this district and division encompass the Superior Court for the District of Columbia, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

## NOTICE

21. Pursuant to 28 U.S.C. § 1446(d), and concurrent with filing this Notice of Removal, Capital One will file a Notice of Filing of Notice of Removal with the Clerk of the Superior Court for the District of Columbia and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **Exhibit C**.

22. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

23. If any questions arise as to the proprietary of the removal of this action, Capital One requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendants Capital One Auto Finance, Inc. and Capital One, N.A. hereby remove this action to this Court and seeks all other relief this Court deems equitable and just.

Dated: September 25, 2017

**CAPITAL ONE, N.A.**

**CAPITAL ONE AUTO FINANCE, INC.**

/s/ Carlos Andres Uria
Carlos Andres Uria, Esq.
U.S. District Court, D.C. Bar No. 1033890
Troutman Sanders LLP
401 9th Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  202-662-2019
Facsimile:  202-274-2994
andy.uria@troutmansanders.com

S. Mohsin Reza, Esq.
U.S. District Court, D.C. Bar No. 985270
Troutman Sanders LLP
1850 Towers Crescent Plaza, Ste. 500
Tysons Corner, VA 22182
Telephone:  703-734-4351
Facsimile:  703-734-4340
mohsin.reza@troutmansanders.com

*Counsel for Defendants Capital One, N.A. and Capital One Auto Finance, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of September, 2017, a true copy of the foregoing Notice of Filing Notice of Removal was sent by U.S. First Class Mail, postage prepaid, to:

Charnita Proctor
2515 Alabama Avenue, S.E., Apt. 215
Washington, DC 20020
*Pro Se Plaintiff*

James C. Mehigan, Esq.
Gordon & Rees
1300 I Street, NW, Suite 825
Washington, D.C. 20005
*Counsel for Liberty Mutual Auto and Home Services, LLC
and Liberty Mutual Group*

/s/ Carlos Andres Uria
Carlos Andres Uria, Esq.
U.S. District Court, D.C. Bar No. 1033890
Troutman Sanders LLP
401 9th Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  202-662-2019
Facsimile:  202-274-2994
andy.uria@troutmansanders.com

*Counsel for Defendants Capital One, N.A. and
Capital One Auto Finance, Inc.*