UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARNITA PROCTOR,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL AUTO AND HOME SERVICES, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 17-1966 (CKK) |

**AMENDED REDACTED MEMORANDUM OPINION**
(April 3, 2018)

Defendants Capital One, N.A. and Capital One Auto Finance, Inc. (collectively, "Capital One") seek the Court's enforcement of a settlement agreement between Capital One and Plaintiff Charnita Proctor. Ms. Proctor does not dispute that she entered into an agreement. Rather, she objects to its putative scope, arguing that it pertains only to a specific auto loan from Capital One.[1] Upon consideration of the briefing and evidence,[2] the relevant legal authorities, and the record as a whole, the Court **GRANTS-IN-PART and DENIES-IN-PART** Capital One's Motion to

---

[1] The Court held a hearing to confirm that this was the only remaining dispute.

[2] The Court's consideration has focused on the following briefing and the evidence contained in attachments thereto:

- Capital One, N.A. and Capital One Auto Finance, Inc.'s Mot. to Enforce Settlement, ECF No. 17 ("Def.'s Mot. to Enforce");
- Capital One, N.A. and Capital One Auto Finance, Inc.'s Sealed Mem. in Supp. of Their Mot. to Enforce Settlement, ECF No. 18-1 ("Def.'s Mem.");
- Pl.'s Opp'n to Capital One's Mot. to Enforce Settlement Agreement, ECF No. 26 ("Pl.'s Opp'n"); and
- Capital One, N.A. and Capital One Auto Finance, Inc.'s Sealed Reply in Supp. of Their Mot. to Enforce Settlement, ECF No. 27-1 ("Def.'s Reply").

1

Enforce Settlement, ECF No. 17. Except with respect to certain adjustments to paragraphs 2, 3, 4, and 6, the settlement agreement shall be enforced as Capital One has set forth. *See* Confidential Settlement Agreement and Release of Claims, ECF No. 18-2, Ex. 2.

It is helpful to begin in reference to Ms. Proctor's request for an evidentiary hearing on this motion. Ms. Proctor claims an entitlement to such a hearing "to determine whether the parties entered into a binding contract." Pl.'s Opp'n at 3 (citing, e.g., *United States v. Mahoney*, 247 F.3d 279, 285 (D.C. Cir. 2001)). "When there is a genuine dispute about whether the parties have entered into a binding settlement, the district court must hold an evidentiary hearing that includes the opportunity for cross-examination." *Mahoney*, 247 F.3d at 285.

However, such a hearing is not necessary if the Court is persuaded on the basis of the briefing that a settlement agreement exists.

> [T]he existence or lack of factual disputes concerning the validity of a settlement agreement cannot, ex ante, require that the Court hold an evidentiary hearing to resolve a motion to enforce that agreement. Rather, the Court must first determine whether, despite whatever factual disputes may exist, the moving party has nevertheless carried the burden of proving the existence of a settlement agreement by clear and convincing evidence.

*Samra v. Shaheen Bus. & Inv. Grp., Inc.*, 355 F. Supp. 2d 483, 494 (D.D.C. 2005). Accordingly, the Court shall proceed to consider whether Capital One has discharged its burden to prove a settlement agreement between Capital One and Ms. Proctor.

The parties urge the Court to apply District of Columbia law for the formation of contracts, in particular, settlement agreements. *See* Def.'s Mem. at 6; Pl.'s Opp'n at 1. The Court is unaware of any reason to do otherwise. "In the District of Columbia, an enforceable contract exists when there is an agreement about all material terms and an intention of the parties to be bound." *Mahoney*, 247 F.3d at 285. "In the context of settlement agreements, court [sic] have found that

2

the amount to be paid and the claimant's release of liability are the material terms" under D.C. law. *Blackstone v. Brink*, 63 F. Supp. 3d 68, 77 (D.D.C. 2014).

Capital One considers the material terms to consist of:

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

Def.'s Mem. at 6. Because this statement of material terms includes the amount to be paid and the release of liability, an agreement containing these terms would suffice under D.C. law if the parties intended to be bound by it. *See Brink*, 63 F. Supp. 3d at 77.

Ms. Proctor does not dispute Capital One's characterization of the material terms, except insofar as the settlement agreement could be read to include a release of claims she may have that are unrelated to the specific auto loan presently at issue. *See* Pl.'s Opp'n at 2. She objects in particular to language in Paragraph 6 that would require her, in pertinent part, to release ███
███████████████████████████████████████████████████████████
Confidential Settlement Agreement and Release of Claims, ECF No. 18-2, Ex. 2 ¶ 6; *see also* Pl.'s Opp'n at 2. She is especially concerned about any claims against Capital One that she may pursue related to three charged-off credit cards. *See* Pl.'s Opp'n at 2. Although Capital One's correspondence suggests that the parties' oral agreement included ████████████████
████████████████████ ECF No. 18-2, Ex. 1 Proctor006; *see also* Confidential Settlement Agreement and Release of Claims, ECF No. 18-2, Ex. 2 ¶ 2 (████████████████████
████), Capital One confirms that the parties did not discuss anything about charged-off credit cards, *see* Def.'s Reply at 4-5. In turn, the agreement drafted by Capital One expressly identifies only the car loan as a claim at issue, for purposes of this litigation and the settlement agreement. *See* Confidential Settlement Agreement and Release of Claims, ECF No. 18-2, Ex. 2 (recitals).

3

Accordingly, the Court construes the parties as agreeing only to release claims that could arise related to this auto loan.

The parties concede their intention to enter into a settlement. Def.'s Mem. at 6; Pl.'s Opp'n at 1. Moreover, Capital One's execution of the Confidential Settlement Agreement and Release of Claims, ECF No. 18-2, Ex. 3, demonstrates Capital One's intention to be bound by this particular document, which it represents as containing the material terms to which the parties agreed in their discussions orally and by email. Def.'s Mem. at 6-8. Only in two respects has Ms. Proctor disputed that this document reflects the parties' agreement. The first is her prior objection—not raised again in her Opposition—to Paragraphs 3 and 4, which would require ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Def.'s Mem. at 8-9. Notwithstanding Capital One's argument that this is a standard provision, Capital One concedes that the parties did not discuss it orally, and argues that it accordingly may be considered immaterial. *Id.* at 8 (citing *Brink*, 63 F. Supp. 3d at 77). Capital One also agreed, long before the instant motion, to drop ▮▮▮▮▮▮▮▮▮▮▮. *See id.* at 9; Decl. of Jonathan S. Hubbard, Esq., ECF No. 18-2, Ex. A ¶ 16. The other issue Ms. Proctor raised more recently is the scope of the agreement, which the Court has addressed above. There is no evidence in the record to suggest that the parties intended their agreement to apply to anything other than the specific car loan described in the settlement agreement. Because Ms. Proctor has not at any time objected to any other portion of the settlement agreement prepared by Capital One, which contains the material terms to which they agreed, the Court finds that the parties intended to be bound by it.

\*\*\*

The Court finds that Ms. Proctor and Capital One agreed to a settlement agreement that does not include ▮▮▮▮▮▮▮▮▮ and contains a release only as to the car loan expressly at issue in

this litigation and in the settlement agreement. The settlement agreement shall adopt language in Paragraphs 2 and 6 that more clearly indicates the limited scope of the agreement. The settlement agreement also shall be revised in Paragraphs 3 and 4 to omit ▮▮▮▮▮, as Ms. Proctor and Capital One agreed.

Pursuant to the terms of the parties' settlement agreement, Ms. Proctor shall file a Notice of Dismissal of Capital One only in accordance with Paragraph 2, as amended.

An appropriate Order accompanies this Memorandum Opinion.

Dated: April 3, 2018

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge