# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| CHARNITA PROCTOR, <br>    Plaintiff, <br> v. <br> CAPITAL ONE, N.A., *et al.*, <br>    Defendants. |

Civil Action No. 17-1966 (CKK)

## REDACTED MEMORANDUM OPINION[1]
(August 15, 2018)

In its Minute Order of May 17, 2018, the Court instructed Plaintiff Charnita Proctor and Defendants Capital One, N.A. and Capital One Auto Finance, Inc. (collectively, "Capital One") to file a Joint Status Report by May 22, 2018, "that identifies each party's position as to the status of efforts to finalize and execute their settlement documents." These parties were to submit their respective proposed versions of the settlement agreement if they had not yet agreed to and executed a single version by the deadline for the Joint Status Report. *Id.*

In response, for the third time during the month of May 2018, the Court received something less than a *joint* submission from the parties. *See* Min. Order of May 17, 2018 (observing first two instances). On May 22, 2018, the deadline for the latest Joint Status Report, Capital One submitted under seal its own [48-1] Sealed Status Report ("Capital One's Status Report"), together with its proposed version of the settlement agreement and another version identifying Plaintiff's proposed edits thereto. On May 29, 2018, without explanation for the delay, Plaintiff submitted her own [49] Status Report and/or Amendment to Capital One's Status Report ("Plaintiff's Status

---

[1] The revised case caption on this Memorandum Opinion reflects the voluntary dismissal of Defendants Liberty Mutual Auto And Home Services, LLC and Liberty Mutual Group. Stipulation of Voluntary Dismissal Pursuant to F.R.C.P. Rule 41(a)(1)(A)(ii), ECF No. 46.

1

Report").[2] The parties' unilateral submissions have rendered this case difficult to administer.[3]

In any event, the parties' latest submissions narrow the scope of the remaining dispute to one issue. To clear away the underbrush, the Court begins by noting two other points that ultimately either are non-issues or can be easily resolved.

First, Plaintiff's latest proposed agreement would exclude certain language in Capital One's version about ▇▇▇▇▇▇▇▇ [Proposed] Confidential Settlement Agreement and Release of Claims, ECF No. 48-3, ¶ 3 ("Pl.'s Proposed Agreement"). Capital One objects on the grounds that Plaintiff had not previously challenged this language, and furthermore that Capital One has substantive concerns about such an omission. *See* Capital One's Status Report at 4. Plaintiff's subsequent Status Report indicated that "[a]s for ▇▇▇▇▇▇▇▇, the Plaintiff's [sic] believes there was no meeting of the mind. However, for sake of narrowing the issues to the most important issue, the Plaintiff agrees to adopt the proposed language included in Capital One's draft." Pl.'s Status Report at 1. In the next paragraph of her Status Report, she discusses the scope of the release, presumably the issue she considers most important. Plaintiff's Status Report does not expressly address ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. But she had not challenged ▇▇▇▇▇▇▇▇ in the latest proposed settlement agreement, presumably because Capital One had already omitted ▇▇▇▇▇▇▇▇ in keeping with the Court's April 3, 2018, decision. *See* Capital One's Status Report at 3 (referring in two places to

---

[2] The Clerk of Court has sealed Plaintiff's [49] filing on the docket.

[3] The Court finds that it is not appropriate to consider these dueling unilateral Status Reports under the standard for a motion for summary judgment. *See* Pl.'s Status Report at 4 (claiming that "the parties' dispute of the settlement agreement is outside of the Plaintiff's Complaint," and accordingly triggers evaluation of a motion for summary judgment). Rather, the Court shall continue to solicit further information in order to assess whether the parties have reached agreement to settle allegations that are contained within the Complaint, and any other allegations that Plaintiff intends to raise regarding the loan at issue in that Complaint.

revisions to paragraph 4 to exclude ████, but evidently intending instead in one of those places to refer to paragraph 3, where Capital One omitted the other ████). Because the Court finds no other way to interpret Plaintiff's ████, and because she does not otherwise refer to ████, the Court understands that Plaintiff is dropping her objection to ████ ████, for the sake of the "most important issue," the scope of her release of claims. The Court shall address that scope below.

Before turning to the release, the Court addresses the second point that can be easily resolved. The parties dispute the appropriate effective date of the settlement agreement. Plaintiff says it should be November 8, 2017, while Capital One tries to change it to a date in May 2018, because that is when Capital One submitted the latest proposed settlement agreement and expected then to execute the agreement. It is clear, however, that this dispute is a proxy for their core disagreement as to the scope of Plaintiff's release of claims. The effective date itself is not difficult to identify, particularly when the Court refers precisely to the relevant language: the date that the parties "████" the agreement. [Proposed] Confidential Settlement Agreement and Release of Claims, ECF No. 48-2 ("Capital One's Proposed Agreement"), at 1. The Court has already found that "Ms. Proctor and Capital One agreed to a settlement agreement that does not include ████ and contains a release only as to the car loan expressly at issue in this litigation and in the settlement agreement." Am. Unredacted Mem. Op., ECF No. 38, at 4-5. Because they already agreed, the effective date of the settlement agreement, i.e., the date that they "████" it, must be the date upon which they reached agreement. That date was November 8, 2017, as both parties have urged at different points in this litigation. *See* Capital One, N.A. and Capital One Auto Finance, Inc.'s Sealed Mem. in Supp. of Their Mot. to Enforce Settlement, ECF No. 42, at 1 ("From late October to mid-November of 2017, Plaintiff and counsel for Capital One engaged in

settlement discussions, which ultimately led to a final and binding settlement agreement on November 8, 2017 . . . ."); Pl.'s Status Report at 3 ("As for the effective date of the Agreement, it is undisputed that the oral agreement was entered into on November 8, 2017."). The date that they *execute* the agreement, if at all, will of necessity be later than the date that the Court has already found that they entered into it.

The Court turns now to the lingering dispute regarding the scope of Plaintiff's release of claims. Capital One's initial proposed settlement document, drafted after the parties agreed orally on November 8, 2017, included a release that the Court found to be broader than the parties had orally agreed to. *See* Am. Unredacted Mem. Op., ECF No. 38, at 3-4. The Court accordingly instructed the parties to revise the agreement to release claims only as to "the car loan expressly at issue." *Id.* at 4-5. Capital One's latest proposed language would seem to effect that instruction: Plaintiff would agree, *inter alia*, to "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████" Capital One's Proposed Agreement ¶ 5. As it was in the previous iteration of the proposed agreement, the "███" is defined as a specific auto loan from Capital One in May 2010. *Id.* at 1. The "█████" is again defined as the suit first filed in Superior Court, and later removed to this Court, in which Plaintiff raised various claims "█████████████████████████." *Id.* Plaintiff has not challenged the definitions of these terms. The Court remains convinced that this case concerns only the specific auto loan that the proposed agreement references and that this Court addressed in its April 3, 2018, decision. *See* Am. Unredacted Mem. Op., ECF No. 38, at 3-4.

Plaintiff objects to Capital One's proposed release based on at least one, perhaps two, grounds. First, she argues that she never intended to release any *future* claims she may have

4

regarding this specific auto loan. *See* Pl.'s Status Report at 2-3. Second, she raises one or more additional loans about which she may one day seek to litigate. *See id.* at 3 n.1 ("Plaintiff objected [previously] to future claims of any loan, including the subject loan *and present claims regarding other loans*. Defendants' draft only seeks to waive future claims, *and not claims from other accounts*." (emphasis added)).[4] A look at Plaintiff's previous filing on this issue confirms that she was objecting not just to waiving claims related to credit cards, as the Court addressed in its April 3, 2018, decision, but also, separately and ambiguously, to waiver of "any *future* claims against the Capital One defendants." Pl.'s Opp'n to Capital One's Mot. to Enforce Settlement Agreement, ECF No. 26, at 2 (stating elsewhere an objection to waiver of "claims of future violations"). Plaintiff did not elaborate whether she was objecting to a release of future claims as to the 2010 loan, any other loan, or some other relationship between her and Capital One aside from the credit cards. At any rate, in light of these objections, Plaintiff proposes a more limited release: She would agree, *inter alia*, to "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" Pl.'s Proposed Agreement ¶ 5. Plaintiff's proposed language is problematic insofar as it would appear to accomplish nothing more than voluntary dismissal with prejudice of this lawsuit, which she already agrees to elsewhere in the proposed agreement. *Id.* ¶ 2.

The Court would assume that settlement between Plaintiff and Capital One in this lawsuit would cover the 2010 auto loan at issue, and any future claims as to *that* loan. It is unclear from the way that Plaintiff raises her objection whether she would want to bring another lawsuit related only to other claims regarding the 2010 auto loan, or whether she would pursue separate claims as

---

[4] The Court notes that Plaintiff refers in her declaration to another auto loan, one that originated in 2015 rather than 2010. Decl. of Charnita Proctor, ECF No. 49-1, ¶ 29.

5

to any other loan. Any claims regarding another loan are beyond the scope of this lawsuit, and accordingly beyond the scope of any valid settlement agreement.

The parties must clarify their intent before the Court can proceed. By **AUGUST 22, 2018**, the parties shall submit a Joint Status Report. The purpose of submitting the report *jointly* is to ensure that the parties know what each other will claim and can adjust accordingly their representations within the joint document. In light of the series of non-compliant reports, the Court shall, on motion or *sua sponte*, consider the propriety of sanctions against the evidently offending party if this report is not submitted jointly.

The Joint Status Report shall identify 1) whether Plaintiff has any other claims as to the 2010 auto loan that are not presently raised in this lawsuit, 2) whether she intended to agree orally on November 8, 2017, to release any such claims, and 3) Defendant's understanding of Plaintiff's position as to any other claims regarding the 2010 auto loan. Plaintiff shall include a sworn declaration stating whether, as of November 8, 2017, she intended to release any other claims she would have as to the 2010 auto loan.

If Plaintiff *does* have other claims regarding the 2010 auto loan, then the parties' Joint Status Report also shall address the parties' respective views as to 1) whether the settlement agreement is beset by a fatal flaw, insofar as the parties had differing intentions as to scope, 2) whether Plaintiff should be permitted to amend her Complaint to address such other claims regarding the 2010 auto loan, and 3) whether this case should proceed in some other fashion.

An appropriate Order accompanies this Memorandum Opinion.

Dated: August 15, 2018

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge