UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARNITA PROCTOR,<br>   Plaintiff,<br>   v.<br>CAPITAL ONE, N.A., *et al.*,<br>   Defendants. | Civil Action No. 17-1966 (CKK) |

**REDACTED MEMORANDUM OPINION**
(August 24, 2018)

The Court has received the [54-1] Sealed Joint Status Report, filed by Plaintiff Charnita Proctor and Defendants Capital One, N.A. and Capital One Auto Finance, Inc. (collectively, "Capital One"), in response to the Court's [51] Order, [53] Memorandum Opinion, and that Memorandum Opinion's [52] sealed equivalent.

Upon consideration of their filing, the relevant legal authorities, and the record as a whole, the Court shall **APPROVE** a revised version of the settlement agreement, as the Court shall herein modify, and Plaintiff and Defendant Capital One shall execute that settlement agreement by **AUGUST 31, 2018**.

The Court finds no further need for adjudication of this case, and accordingly shall **DISMISS** this action **WITHOUT PREJUDICE** until **AUGUST 31, 2018**, when the matter shall, without further order, stand dismissed **WITH PREJUDICE**.

## I. BACKGROUND

The Court shall briefly summarize the timeline of the parties' settlement of this litigation.[1]

---

[1] The Court shall not discuss proceedings involving former Defendants Liberty Mutual Auto And Home Services, LLC and Liberty Mutual Group, each of whom Plaintiff voluntarily dismissed with prejudice. Stipulation of Voluntary Dismissal Pursuant to F.R.C.P. Rule 41(a)(1)(A)(ii), ECF No. 46.

1

On November 8, 2017, Defendant orally discussed a settlement with Plaintiff, who was unrepresented by counsel at that time. There arose some dispute afterwards as to the finality of that discussion. Defendant understood the parties to have concluded their settlement, pending its memorialization in writing, which Defendant promptly did. That document reflected what Defendant would later characterize as the material terms of the parties' oral agreement, namely: "████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████." Am. Unredacted Mem. Op., ECF No. 38 ("Apr. 3, 2018 Opinion"), at 3 (quoting Capital One's Sealed Mem. in Supp. of Their Mot. to Enforce Settlement, ECF No. 18-1, at 6).

Upon receiving Defendant's written version, however, Plaintiff objected to one of the further terms calling for her to provide Defendant with a ██████. She did not otherwise object to Defendant's document. Once defense counsel secured his client's approval to drop the ██████, counsel pursued Plaintiff's execution of the written agreement. Plaintiff, through counsel she had by then retained, ultimately refused to acknowledge the settlement.

On January 12, 2018, Capital One filed its [17] Motion to Enforce Settlement, and upon the conclusion of briefing, the Court granted that motion in large part on April 3, 2018. *See* Apr. 3, 2018 Opinion. The Court found that the parties had indeed reached a settlement orally and that the written agreement was an accurate reflection thereof, with two exceptions. *Id.* at 2. First, the oral agreement did not include the ██████, so the written version needed to be revised to exclude it, as Defendant had already agreed to do. *Id.* at 4-5. Second, the Court dealt with Plaintiff's more recent objection to the scope of the release contained in the written agreement. *Id.* at 4. Plaintiff was concerned that Defendant's broad language would require her to release claims as to certain

2

credit card accounts that Defendant evidently had charged off, and potentially other claims as well. *See id.* at 3-4. The Court determined that the record lacked any indication that the settlement would cover "anything other than the specific car loan described in the settlement agreement." *Id.* at 4. Accordingly, the Court instructed the parties to revise the written version to reflect that narrowed scope on which the oral agreement was premised. *Id.* at 5.

The parties' ensuing status reports demonstrated further difficulties in confirming the language in the written settlement agreement. On August 15, 2018, the Court ruled that two out of the three disputes that had most recently presented themselves could be promptly resolved. The Court found first that Plaintiff had raised, and then dropped, an objection to ███████████ ███████████████████. Unredacted Mem. Op., ECF No. 52, at 2-3 ("Aug. 15, 2018 Opinion"). Second, the date that the parties "███████" the agreement, for purposes of the written version, was the date of the oral agreement on November 8, 2017. *Id.* at 3. The date of execution of the written agreement would necessarily be later, namely upon the resolution of disputes as to the scope of the written language. *See id.* at 4. Third, and more thornily, the parties again disagreed as to the appropriate language to represent the scope of their oral agreement. Plaintiff's representations raised questions about whether she had intended to release any future claims regarding the 2010 auto loan at issue, i.e., any claims other than those she had raised in her Complaint. *See id.* at 4-6. Because the parties had already orally entered into a settlement, the Court rejected Plaintiff's attempt to broaden the scope of this lawsuit to claims outside of the 2010 auto loan at issue. *Id.* at 5-6. The Court called for further elucidation of any claims Plaintiff might have as to the 2010 auto loan. *Id.* at 6.

As instructed by the Court, the parties dispute this issue further in their [54-1] Sealed Joint Status Report, to which the Court shall momentarily turn. Before doing so, the Court observes *sua*

3

*sponte* that, despite the parties' ongoing disagreement in the pleading, it remains unnecessary to hold an evidentiary hearing to resolve this case. Defendant has "carried the burden of proving the existence of a settlement agreement by clear and convincing evidence." Apr. 3, 2018 Opinion at 2 (quoting *Samra v. Shaheen Bus. & Inv. Grp., Inc.*, 355 F. Supp. 2d 483, 494 (D.D.C. 2005)) (internal quotation marks omitted). This Sealed Joint Status Report supports a finding under District of Columbia law that "an enforceable contract exists [because] there is an agreement about all material terms and an intention of the parties to be bound." *Id.* (quoting *United States v. Mahoney*, 247 F.3d 279, 285 (D.C. Cir. 2001)) (internal quotation marks omitted).[2]

## II. DISCUSSION

Plaintiff argues not only that she has several additional claims related to the 2010 auto loan, but that she should not be required to release them in this settlement agreement. Sealed Joint Status Report, ECF No. 54-1, at 1-3. For the first time, Plaintiff raises "two additional claims stem[ming] from Capital One's failure to properly respond to her dispute letters from December 28, 2017 and June 2, 2018." *Id.* at 1. But the Court finds that neither "claim" is distinct from the claims in her underlying lawsuit, which she has agreed to settle.

Plaintiff indicates that the December 2017 dispute consisted of a challenge to "the subject tradeline and a credit card account with Capital One." *Id.* The latter is outside the scope of this lawsuit, as the Court's April 3, 2018, and August 15, 2018, Opinions made clear. Turning to the "subject tradeline," Plaintiff summarily describes the dispute as consisting of her expectation that the tradeline would be deleted sooner from her credit report. *See id.* at 1-2. But Plaintiff could have no justifiable reason to expect that Defendant would have requested back in December 2017

---

[2] Both parties have urged the application of District of Columbia law. Apr. 3, 2018 Opinion at 2. The settlement agreement itself likewise expressly contemplates interpretation under D.C. law. Confidential Settlement Agreement and Release of Claims, ECF No. 54-2, ¶ 11.

4

that the credit agencies delete the tradeline. Defendant maintains that it has not committed any wrongdoing—as the written settlement agreement reflects—and so it only would proceed to give Plaintiff the benefit of the November 2017 settlement upon her execution of the written agreement, which Plaintiff continues to delay. *See* Confidential Settlement Agreement and Release of Claims, ECF No. 54-2, ¶ 6 (denying wrongdoing and liability). Plaintiff draws from other jurisdictions for the proposition that a fresh claim arises each time the plaintiff has to dispute the same tradeline. *See* Sealed Joint Status Report, ECF No. 54-1, at 13-14 (citing, e.g., *Vasquez v. Bank of Am., N.A.*, Case No. 15-cv-04072-RS, 2015 WL 7075628 (N.D. Cal. Nov. 13, 2015); *Broccuto v. Experian Info. Solutions, Inc.*, Civil Action No. 3:07CV782-HEH, 2008 WL 1969222, at *4 (E.D. Va. May 6, 2008)). And she again cites out-of-circuit authority to suggest that a settlement containing a release as to prior conduct does not cover subsequent conduct. *See id.* at 14 (citing *Orsini v. O/S SEABROOKE O.N.*, 247 F.3d 953, 965 (9th Cir. 2001); *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1231 (C.D. Cal. 2007)). That authority says nothing, however, in support of recognizing a fresh claim when a settlement agreement pending the plaintiff's signature would have promptly resulted in Defendant's request that the credit agencies delete the tradeline at issue, entirely avoiding subsequent disputes with Defendant as to that tradeline.

The June 2018 claim fails for similar reasons. Plaintiff was again pursuing disputes as to her credit report that are in part extraneous to this lawsuit. *See id.* at 2 (recognizing disputes pertaining to "other furnishers in addition to the Capital One tradelines"). Even for the one Capital One tradeline at issue in this case—the 2010 auto loan—Plaintiff's June 2018 grievance is admittedly motivated by the same goal that she pursued on December 28, 2017, and in her oral agreement on November 8, 2017: "to remove all inaccurate information from her credit report." *Id.* For the reasons set forth above, the June 2018 "claim" is not a fresh claim that should be

permitted to survive the settlement.

As the Court also discussed above, the parties did not agree to release anything beyond the claims at issue in the lawsuit, which concern a 2010 auto loan. *See generally* Compl., ECF No. 1-1, ¶¶ 41-71 (alleging violations of federal and Maryland state consumer protection laws, as well as defamation).[3] The Court construes the record and the nature of a settlement as indicating that the parties *did* intend to release claims then-present in the lawsuit, which generally pertain to the allegedly inaccurate tradeline. *See, e.g.*, Sealed Joint Status Report, ECF No. 54-1, at 4 (containing Defendant's representation that "the parties expressly designed the settlement agreement to bring finality to the parties' relationship relating to the 2010 auto loan – especially with regard to any potential credit reporting that might arise"); Decl. of Charnita Proctor, ECF No. 54-2, ¶ 22 ("I agreed to waive my claims arising from Capital One's response to my dispute that was submitted in September 2016."). But the Court cannot discern a meeting of the minds as to whether the parties agreed to release any *other* claims relating to the 2010 auto loan that do *not* pertain to the credit dispute discussed in the Complaint, and do *not* pertain to the subsequent credit disputes attributable solely to the pendency of Plaintiff's signature of the settlement agreement. The Court would have to speculate as to whether any such claims could exist. But it is not clear that the parties have agreed to release them.

Accordingly, the Court shall require one further edit to the language in the written settlement agreement in order to tailor it to the Court's determination of the parties' shared intent. The language in Paragraph 5 currently reads, *inter alia*, that Plaintiff, Ms. Proctor, will release

---

[3] Technically, the Complaint includes a reference to class action in its title, despite the absence of any class action allegations in the body of the Complaint. For efficiency, the Court simplifies the title for purposes of this Memorandum Opinion. The Complaint also contains several other counts directed only against defendants that already have been dismissed from this case.

claims "███████████████████████████████████████████████
██████████████████████████████." Confidential Settlement Agreement and Release of Claims, ECF No. 54-2, ¶ 5. Such language would preclude any hypothetical claims relating to the Loan that are not encompassed by claims presently reflected in the Lawsuit. To reiterate a conclusion reached above, the Court has determined that the December 28, 2017, and June 2, 2018, disputes *are* encompassed by claims presently in the Lawsuit. The Court shall order the parties to adapt the language in Paragraph 5 as follows: Ms. Proctor will release claims "███
████████████████████████████████████████████████████
██████████████████████████████" Plaintiff and Capital One shall execute a version of the settlement agreement containing that language.

Because the settlement concerns nothing other than the 2010 auto loan at issue in the present Complaint, and because the Court has discerned that Plaintiff currently lacks any claims pertaining to that loan that are not encompassed by the claims in the present Complaint, the Court shall not permit Plaintiff to amend her Complaint. *See* Joint Status Report, ECF No. 54-1, at 17 (demonstrating that Plaintiff's proposed amendment would expand scope of lawsuit). The Court finds that this case has been settled.

### III. CONCLUSION

For the reasons set forth above, the Court shall **APPROVE** a revised version of the settlement agreement reflecting an edit to Paragraph 5 such that Plaintiff, Ms. Proctor, will release claims "████████████████████████████████████████████████
███████████████████████████████████████████." Plaintiff and Defendant Capital One shall execute the settlement agreement containing that language by **AUGUST 31, 2018.**

The Court finds no further need for adjudication of this case, and accordingly shall **DISMISS** this action **WITHOUT PREJUDICE** until **AUGUST 31, 2018**, when the matter shall, without further order, stand dismissed **WITH PREJUDICE**.

An appropriate Order accompanies this Memorandum Opinion.

Dated: August 24, 2018

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge